ALEXANDER PALM ET AL. v. CHARLES C. FANCHER ET AL.

[48 South. 818.]

USURY. *Promissory note. Interest on unpaid over-due interest.*

A promissory note, bearing the highest legal rate of contractual annual interest from maturity and providing that unpaid over-due interest shall become principal and bear interest at the same rate, is not usurious.

FROM the chancery court of Attala county.

HON. JAMES F. McCOOL, Chancellor.

Fancher and others, appellees, were complainants in the court below; Palm and wife, appellants, were defendants there. From a decree in complainants' favor foreclosing a mortgage, defendants appealed to the supreme court. The facts of the case so far as pertinent to the decision, are stated in the opinion of the court.

*J. G. Smythe* and *Alexander & Alexander,* for appellants.

The note stipulated for compound interest at the rate of ten per centum per annum. Such a contract is unlawful. This question is not an open one in this state since the decision in *Perkins v. Coleman,* 51 Miss. 298. It is true the opinion in that case does not denounce the contract as technically usurious. We are not quite sure whether the statement that it is settled that such contract is not usurious, appearing on page 303, is a misprint or not, since the court proceeded to hold the contract not enforceable because it contained a stipulation for compounding interest. It may be that the meaning of the court was that such a contract was not under the statute then in force enforceable in equity. Whatever may have been the views of the court as to whether the contract was technically usurious under the usual definition of usury, it is certain that it was held that the contract could not legally be made and enforced stipulating for compounding interest at the highest rate.

Counsel for appellee insist that there can be no difference in principle between a stipulation that after maturity interest shall bear interest and the making of a new contract at maturity by which principal and interest are brought into a new principal bearing interest. Reliance is placed upon the language of the text of Webb on Usury, where the author states his inability to see the distinction.

In *Perkins v. Coleman*, our court did see the distinction and declared it, and that ought to be sufficient. But, if the court is disposed to re-open the matter, it will find that the legality of such a contract for compounding interest at the highest rate is denied both on reason and authority. It will be found that the criticisms of the author are not borne out by any considerable number of citations. Webb on Usury § 130. The only two states he lists as supporting the view of appellee are Texas and Georgia. On the other hand, he lists the states of Colorado, Illinois, Tennessee and North Carolina as holding that such contracts are usurious.

The decisions of the Texas supreme court have vacillated; the last case is *Crider v. San Antonio R. Association,* 13 Texas 299. But, if we look to the several cases on which the opinion rests, it will be found that several of them either do not support the opinion or announce a rule which has not been followed by subsequent decisions. The Texas court cites 124 Ill. 488, as supporting its view; whereas, as pointed out in Webb on Usury § 130, the later Illinois cases announce the directly opposite view. 134 Ill. 294; 151 Ill. 37.

Again, the Texas court cites *Grider v. Driver,* 46 Ark. 50, but, reference to that case will show that the decision was put on the construction of the Arkansas statute, which provided that parties might contract in writing for the payment of interest not exceeding ten per centum on money due or to become due, and that case in turn cites the earlier Arkansas case of *Vaughn v. Kennon,* 38 Ark. 114, which holds that under the statute one can stipulate that overdue interest could bear simple interest, but that it could not further be compounded.

The Texas case also relies on *Hale v. Hale,* 1 Cald. (Tenn.) 233, but that case has been overruled, or at least distinguished in *Ward v. Brandon,* 1 Heisk, 490, which holds that while a new contract can be made at maturity by which interest is brought into the principal a stipulation in advance for compounding is usurious.

In construing the decision in *Perkins v. Coleman,* we must bear in mind the language of the statute then in force, viz., chapter 50, Code 1857, page 370, which provides, that if a greater rate of interest than ten per cent shall be stipulated for in any case, such excess shall be forfeited. The present statute, § 2678, Code 1906, under which the present contract was made, provided that all excessive interest shall be forfeited. There is another change in that it is now unlawful either to stipulate or receive more than ten per centum; whereas, under the Code of 1857 the word "receive" did not appear.

*Dodd & Dodd,* and *McWillie & Thompson,* for appellees.

Bear in mind that a consideration of the usury question in this case is merely academic; the unpaid principal of the note is ample to support the trustee's sale and the decree. War is made on the special terms of the note providing that if interest is not paid annually, it should become as principal and bear interest as such. This we are told is a provision for compound interest, but in this counsel is mistaken; it is a provision for paying interest when it is due and a note is not usurious if prompt payment of all interest when due will not require more than the lawful rate; the provision is an agreement to do that which the parties might lawfully have done. Our statute does not prevent the renewal of notes, carrying interest already due into a new note, and making it bear interest. *Perkins v. Coleman,* 51 Miss. 298. The terms of the note amounted to an executory obligation, binding appellants in case they failed to pay interest annually, to treat past due interest as principal. If this can be done by the execution of a new note it can be

done in equity by an executory provision to that effect in the original one. A note payable when due as was the one in question in the amount loaned and legal interest is not usurious. A provision in a note that in case of the non-payment of the interest reserved when due, simple interest shall be paid on such over-due interest, will not constitute usury. 29 Am. & Eng. Ency. of Law (2d ed.) 493, and authorities cited, Note 3. Where the rule is different it is by reason of an express statute, as in Idaho where the statute prohibits interest coupons from bearing interest.

The note in question is the exact equivalent of a bond with interest coupons attached and such instruments are not usurious although the highest rate of interest be stipulated for. Webb on Usury, § 127, p. 144. It seems to be generally conceded that in cases where the interest having become due, and remaining unpaid, the debtor may then agree to have the accrued interest added to the principal and become interest bearing. If this can be done by after agreement there is no reason why it may not be the subject of contract from the beginning of negotiations between the parties. The common instance in which the matter is prearranged is that of interest bearing coupons. The validity of such an undertaking does not depend upon mere matter of form. *Scott v. Safford,* 37 Ga. 384, cited in Webb on Usury, § 130, p. 146. The distinguished author already cited says: "It is difficult to understand how such an agreement made after the loan contract, is generally accepted as valid; but if made contemporaneously with the loan contract, it is in many cases held to be usurious." Webb on Usury, § 129. Such holdings are illogical and tend to bring the administration of justice into disrepute.

Suppose the language of the note had been "and if interest be not paid annually we will execute a new note therefor making it become as principal and bear the same rate of interest." This would have been an executory contract to do a lawful thing as decided in *Perkins v. Coleman,* 51 Miss. 298. This being

true, it must follow that the note as written is valid and free from usury.

MAYES, J., delivered the opinion of the court.

The chancellor has settled all questions in this case save one of law. On the 12th day of February, 1903, the appellants gave a mortgage on property therein described to secure the appellees in the sum of $356.42 then owing. The note is as follows:

"$356.42. McCool, Miss., Feb. 12, 1903. On November 1, 1903, after date, we or either of us promise to pay to the order of Seward & Fancher three hundred and fifty-six and 42-100 dollars, for value received, negotiable and payable, without defalcation or discount, and with interest from maturity at the rate of ten per cent per annum, and if interest be not paid annually to become as principal, and bear the same rate of interest. It suit be instituted on this note, it is agreed that judgment shall include a reasonable amount as fee for the plaintiff's attorneys."

It is claimed that this note is usurious, because there is in it an agreement to compound the interest, if it be not paid annually as provided for in the note; and the case of *Perkins v. Coleman,* 51 Miss. 298, is relied on as authority on this point. We think that the case above referred to is, on its face, a different case from the one here prsented. By the contract in *Perkins v. Coleman,* it was provided that the principal debt was to run for twenty-six months, bearing interest at ten per cent annually, interest to be compounded and to become principal. No annual rest period was allowed for the payment of the interest, but the contract itself forbade the payment of interest under twenty-six months, and required its compounding, thus making it imperative that the borrower pay a greater rate of interest than a straight ten per cent on the principal amount borrowed, and the court held this contract to be usurious, because by its very terms it compelled the borrower to pay more than ten per cent

interest on the amount borrowed by 'him. Under the facts of this case there is no stipulation compelling the borrower to pay compound interest, except in the event of his failure to pay the annual interest at maturity. If the borrower, under the agreement in this case, fulfill his contract, it is impossible for the lender to collect more than the legal contractual rate of interest. The note provides for, annual payment of interest, in default of which the interest then becomes principal and bears interest; but the note here does not, as did the contract in case of *Perkins v. Coleman,* forbid annual payment of interest and require same to be compounded. There is a wilderness of authority on this subject. Decisions may be found taking almost any view of the question.

We do not think this contract is in any sense usurious. It would never be doubted but that the parties might, under a separate agreement, after the interest became due and default therein, have executed a second note for the interest and made this second note for the arrearage in interest become interest-bearing principal. It would not be seriously contended that such an agreement would constitute usury, though interest was thereby compounded. Conceding this, we fail to see why parties may not provide in the same instrument for the compounding of interest, when the stipulations of the contract are not such as require a compounding of the interest as a part of the contract, not leaving any option or right in the borrower to avoid paying compound interest. Such a contract is a mere matter of convenience to the parties, and places nothing in the contract they could not lawfully do as an independent transaction.

We concur in the view expressed in section 129 of Webb on Usury, which says: "It is difficult to understand how such an agreement, made after the loan contract, is generally accepted as valid; but, if made contemporaneously with the loan contract, it is in many cases held to be usurious."

*Affirmed.*