MERCHANTS' & PLANTERS' BANK v. ELIAS G. CASTON.

[52 South. 633.]

INTEREST AND USURY. *Promisory note. Interest after maturity. Interest before due made principal.*

> A promisory note, given for a sum equal to the aggregate of the debt due at its execution and the highest legal interest thereon from date until maturity, is not usurious, although it bears the highest rate of lawful interest after maturity.

FROM the chancery court of Covington county.

HON. THADDEUS A. WOOD, Chancellor.

The bank, appellant, was complainant in the court below. Caston, appellee, was defendant there. The suit was to foreclose a mortgage securing the note mentioned in the opinion of the court. From a decree in complainant's favor, but denying it a recovery of interest on the idea that the note was usurious, the complainant appealed to the supreme court. The facts touching the note are stated in the opinion of the court.

*McWillie & Thompson*, and *M. U. Mounger*, for appellant.

The note in question was one for $1,050 dated January 22, 1907, and due and payable on July 22d of the same year with interest at the rate of ten per centum per annum, *from maturity*. It was given in reality for a loan of $1,000 which was to bear interest at ten per centum from the date of the transaction, and the interest up to maturity ($50) was included in the face of the note. Exactly the same question arises on these facts that was decided by this court in a very recent case. *Palm v. Fancher*, 93 Miss. 785, 48 South. 818. If the borrower had performed his undertaking and paid the note at maturity, it would have been impossible for the lender to have collected more

than the legal contractual rate of interest. Further following the line of reasoning employed in *Palm v. Fancher,* we would suggest that it would be wholly immaterial whether the interest until maturity were included in the note for the principal or made the subject of a separate note, whereby the transaction would be assimilated to the case of a bond having interest bearing coupons attached stipulating for interest at the highest contractual rate, which coupons if unpaid when they fell due would thereafter of course bear the interest for which the parties contracted.

In the court below the defendant relied on the case of *Carter v. Halloway,* 28 South. 941, as establishing his contention that the note was usurious. This case is either distinguishable from or it is overruled by *Palm. v. Fancher.*

*McIntosh Brothers,* for appellee.

*Carter v. Holloway,* 28 South. 941, decided by this court, is conclusive against appellant's contention. It has not been overruled, either by *Palm v. Fancher,* 93 Miss. 785, or by any other subsequent case. The court below respected and followed *McIntosh v. Carter,* and its decree should be affirmed.

ANDERSON, J., delivered the opinion of the court.

The only question in this case is whether this contract is usurious: Note for $1,000 loan, dated January 22, 1907, due July 22, 1907 (six months after date), with interest added in the face of the note at 10 per cent. per annum from date until due, making the note for $1,050, and providing for interest on this amount at 10 per cent. per annum from maturity until paid. Under the authority of *Palm v. Fancher,* 93 Miss. 785, 48 South. 818, we hold that it is not. *Carter v. Holloway,* 28 South. 941, was necessarily overruled by *Palm v. Fancher, supra.*

*Reversed and remanded.*