ROGERS *v.* RIVERS *et al.**

(En Banc.    June 9, 1924.)

[100 So. 385.    No. 24177.]

USURY.    *Note bearing highest contract rate, interest payable semi-*
*annually, and defaulting interest becoming principal, usurious.*
Under section 2678, Code 1906 (Hemingway's Code, section 2075),
which provides, among other things, that "if a greater rate of
interest than eight per centum [per annum] shall be stipulated
for or received in any case, all interest shall be forfeited," a
note payable at a future date bearing interest at the "rate of
eight per cent. per annum from date until paid, . . . inter-
est payable semiannually and the defaulting interest to draw
same rate of interest as principal," is usurious.

SMITH, C. J., and COOK and SYKES, JJ., dissenting.

*Headnote 1.    Usury, 39 Cyc, p. 951 (1925 Anno).

APPEAL from circuit court of Quitman county.
HON. W. A. ALCORN, JR., Judge.

Action by T. J. Rogers against L. N. Rivers and
another.    From the judgment rendered, plaintiff appeals.
Affirmed.

*Gee & Lowrey,* for appellant.

The appellees claim that the note sued on was usu-
rious, because it provided that interest was payable semi-
annually and defaulting interest to draw same rate of in-
terest as principal.    The appellant claims that these pro-
visions in the note did not make it a usurious contract,
in the first place, and if it did that the appellee Cox was
estopped from defending on that ground, and that the
judgment as to him should have been for the full amount
of balance due, with attorneys' fees and interest.

Appellant submits that the general rule is that interest
payable semiannually, and defaulting installments to bear
interest at full legal rates is not usurious, and is permis-
sible.    See 22 Cyc. 1525 (2); 39 Cyc. 951, (111), 29 R. C.
L., sections 28-29.

The general rule was in effect followed by this court
in *Palm, et al.,* v. *Fancher, et al.,* 48 So. 818, holding that

where a note provides for interest from maturity at ten per cent per annum and that if interest were not paid annually, it should become principal and bear the same rate of interest, was not usurious, and *Merchants & Planters Bank* v. *Caston,* 52 So. 633, holding that a note with interest added in the face of the note at ten per cent per annum from date until due, and providing for interest at ten per cent per annum from maturity until paid, is not usurious. The two cases were decided before the contract rate was reduced from ten per cent to eight per cent per annum. The only difference between these two cases and the case before the court is that here the interest is contracted to be paid semiannually.

At the end of the six months period, or semiannually there was then due one-half of the annual interest, and the interest having been earned it was lawful for the appellee Rivers to contract to pay it then, and in default to pay interest on the amount in default, while in default, this contract is not any more compound interest than the contract involving the two Mississippi cases cited, that the same rule would follow if the interest has been contracted for quarterly, or monthly, just as long as the interest was not required to be paid before it was earned by the principal.

In addition to this the appellant submits that the appellee Cox is estopped from pleading usury because he made the original contract with the appellee Rivers, he being the payee and Rivers the payor, and if he in fact did make a usurious contract, after he transferred the note for value to the appellant, he will not be allowed to claim the benefit of the statute. 27 R. C. L. 65; *Henderson* v. *Hartman,* 4 So. 549, 39 Cyc, 1022 (3).

*Lowrey & Lamb,* for appellees.

The sole question presented in this case is whether a note providing for the payment of the maximum legal rate of eight per cent per annum, which also requires interest payment semiannually, where the note runs for more than six months before maturity, is usurious.

This court has held in several cases that where interest at the full legal rate to maturity is paid or deducted from the principal at the time of the execution of the note, it is usurious. *Polkinghorn* v. *Hendricks,* 61 Miss. 366; *Hiller* v. *Ellis,* 72 Miss. 701.

This court has also held that where a note runs more than a year a provision for compounding interest annually at the full legal rate is usurious. *Perkins* v. *Coleman,* 51 Miss. 298.

Our contention is that under our statute as construed by our courts, any scheme by which the lender obtains and the borrower pays more than eight per cent per annum to be collected at the maturity of the note, or at the end of the annual period, is usurious, and that the provision for payment or compounding, in the alternative, does not make any difference. In other words, the lender gets something in addition to eight per cent per annum, and the borrower pays something in addition to eight per cent per annum, just as truly where the interest is paid and received before the end of the year, as where it is added to the principal and draws interest.

We are not prepared to say that we are in line with the majority of the decisions in our contention. Neither are the courts of this state in line with the majority of the decisions in holding that it is usury to collect the whole legal interest in advance. Most of the text-writers hold that this may be done and most of the courts, so far as we have found, are to the same effect. But if we understand the rule in this state, it is thoroughly established that any scheme by which the lender gets more than eight per cent per annum for his money, is usury, and it makes no difference whether he gets a rate exceeding eight per cent, or interest on a sum exceeding the actual principal, or interest for a shorter period than one year or whether he gets the full interest and the use of this interest for a year or a part of a year before maturity of debt.

As examples of the many unsuccessful efforts to defeat the usury laws in this state, we call attention to:

*Bank of Manchester* v. *Nolan,* 7 H. 508; *Crofton* v. *New South B. and L. A.,* 77 Miss. 166; *Hyde* v. *Finley,* 26 Miss. 468; *McAllister* v. *Jerman,* 32 Miss. 142; *Robb* v. *Halsey,* 11 S. & M. 140; *Coulter* v. *Robinson,* 14 S. & M. 18; *Brown* v. *Nevitt,* 27 Miss. 801; *Armor* v. *Bank of London,* 86 Miss. 658; *Union National Bank* v. *Fraser,* 63 Miss. 231; *Warmack* v. *Boyd,* 63 Miss. 488; *Rozell* v. *Dickerson,* 63 Miss. 538.

The Nebraska court and the Texas court seem to have drawn clearly the distinction which we are here insisting upon. The Nebraska rule is stated in the note to *Palm* v. *Fancher* (Miss.), 33 L. R. A. (N. S.) 303. See, also, *Brown* v. *Crow* (Texas), 29 S. W. 653; *Crider* v. *San Antonio, etc.,* 35 S. W. 1047.

Anderson, J., delivered the opinion of the court.

Appellant sued appellees Rivers and Cox in the circuit court of Quitman county for a balance due on a certain promissory note executed by appellee Rivers to appellee Cox, and by the latter transferred to appellant, and recovered a judgment for the balance of the principal due on said note, the court having instructed the jury that interest could not be recovered because the interest stipulated for in said note was usurious, from which judgment appellant prosecutes this appeal.

The only question in the case is whether the note sued on provides for usurious interest under our statute.

The note is dated May 24, 1920, and is due December 1, 1920, and draws interest at the "rate of eight per cent per annum from date until paid, . . . interest payable semiannually and the defaulting interest to draw same rate of interest as principal." There is no claim that any hidden device was resorted to cover usury, but simply that the note provides on its face for usurious interest under our statute.

Section 2678, Code of 1906 (section 2075, Hemingway's Code), provides, among other things, that contracts may be made, in writing, for the payment of interest for as great as eight per cent. per annum, but that if a greater

rate of interest than eight per cent. per annum shall be stipulated for or received all interest shall be forfeited and may be recovered back whether the contract be executed or executory.

It will be observed that the note sued on provides for the payment of interest at eight per cent. per annum, the highest contract rate, and that the interest shall be payable semiannually, and if not paid when due compounded and become part of the principal.

It has been long settled in this state that interest at the highest contract rate cannot be reserved in advance; that to do so renders the contract usurious. *Bank* v. *Nolan,* 7 How. (Miss.) 508; *Hyde* v. *Finley,* 26 Miss. 468; *Polkinghorne* v. *Hendricks,* 61 Miss. 366; *Hiller* v. *Ellis,* 72 Miss. 701, 18 So. 95, 41 L. R. A. 707.

In *Polkinghorne* v. *Hendricks,* Chief Justice CAMPBELL, who wrote the opinion, said that interest paid in advance was payment of principal to that extent. Where the contract provides for interest at the highest rate with rests at shorter periods than annual rests, and in default of payment of interest the latter to become principal and bear interest at the same rate, is the contract usurious? We think so, because under the decisions of this court above referred to such a contract simply provides for the payment of interest in advance. The statute provides that not more than eight per cent. per annum shall be contracted for or received. The statute contemplates annual rests and payment of interest at each rest. Payment before that time is payment in advance; it is tantamount to paying unearned interest. We cannot see any difference in taking out the interest at the time of the execution of the contract and taking it out at any date less than a year from its execution. In either case it amounts in substance to reducing the principal that much. To illustrate: A. lends B. one thousand dollars, due at a future day, with eight per cent. interest after maturity. But, instead of advancing B. one thousand dollars, the face of the note, A. takes out in advance the interest to accrue between the date of the note and its maturity. If

that period be six months A. takes out forty dollars leaving only nine hundred and sixty dollars principal. Still B. pays interest after maturity on the whole one thousand dollars. The borrower is deprived of that much principal for the balance of the year. If under the law there can be semi-annual rests at the highest contract rate with a provision that unpaid interest shall become principal and bear interest at the same rate, then clearly the same character of contract may be made providing for quarterly rests, monthly rests, weekly rests, daily rests—and why not hourly rests? This would be interest compounded quarterly, monthly, weekly or daily. In either case a calculation will show that the interest received would be substantially more than eight per cent. per annum, and with weekly or daily rests, would be enormously more. The language of the statute, "eight per cent. per annum," must be given its plain meaning; eight per cent. per annum means eight per cent. payable annually. It does not mean eight per cent. payable at any shorter rests.

It is true, as contended by appellant, that under the authorities generally in other states this contract would not be usurious. 27 R. C. L., sections 26 and 30, pp. 225, 229, and 230. An examination of such authorities, however, so far as we have been able to pursue them, shows that they base their holding on the theory that taking interest in advance at the highest contract rate is not usurious, but legal. That is the fundamental difference between the law in this state and other states holding to the contrary. On that difference this case turns. Interest with less than annual rests is interest paid in advance. Interest in hand at any time before the period of annual rest has a present value in excess of its annual rest maturity value. It seems that a contrary view would practically nullify our statute. A calculation compounding the interest on a loan at the highest contract rate with monthly, weekly, or daily rests will demonstrate this.

*Affirmed.*

Smith, C. J. (dissenting).

I am of the opinion, in which Judges Cook and Sykes concur, that the interest here sought to be collected is not usurious. The opinion in chief rests on two grounds: First, that section 2678, Code of 1906 (section 2075, Hemingway's Code) "contemplates annual rests and payment of interest at each rest;" and, second, that the payment of accrued interest at any time before an annual rest period is equivalent to the payment of interest in advance. Neither of these grounds, in my judgment, is tenable.

The statute provides that—"The legal rate of interest on all notes, accounts and contracts shall be six per cent. per annum; but contracts may be made, in writing, for a payment of a rate of interest as great as eight per centum per annum."

It is manifest from this language that the statute simply fixes the rate of interest that may be charged and not the length of time for which a loan must run before interest thereon can be collected. *Bank* v. *Caston*, 97 Miss. 309, 52 So. 633. Loans for less than a year at the highest legal rate of interest are of everyday occurrence, the validity of which, so far as I am aware, has never been, and I do not understand is here, challenged. The note here sued on runs for only six months and seven days. The payment of accrued interest on a loan of money before the maturity thereof is not a payment on the principal but simply of a sum of money to which the lender is then entitled for having made the loan.

The distinction between lawful and unlawful agreements to pay interest on interest is illustrated by the cases of *Perkins* v. *Coleman*, 51 Miss. 298, and *Palm* v. *Fancher*, 93 Miss. 785, 48 So. 818, 33 L. R. A. (N. S.) 295, as was pointed out in the latter, and is this: An agreement for the compounding of interest at stated intervals without the right in the debtor to pay the interest as it accrues and thus prevent the compounding of the interest, is usurious, and therefore unlawful, provided the ag-

gregate of the interest thereby contracted for exceeds the legal rate on the principal; but an agreement which provides for the payment of and confers on the debtor the right to pay interest at stated intervals, unpaid interest to bear interest at the same rate as the principal, is not usurious, and is therefore lawful, although the aggregate of the interest thereby contracted for may exceed the legal rate on the principal. This is the distinction between lawful and unlawful contracts for the compounding of interest that runs through many of the cases, is the one that has heretofore been in vogue in this state, and should not now be departed from.

In the note to the case of *Palm* v. *Fancher,* 33 L. R. A. (N. S.) 295, quite an array of authorities are cited in support of the statement that—''it is thoroughly settled that a stipulation made before interest has become due, that unpaid interest shall itself bear interest, or shall from time to time become principal, and bear interest as such, does not, unless intended as a cover for usurious interest, taint the original obligation with usury.''

No authorities are cited in support of the opinion in chief, and I suspect that none can be that are in accord with *Palm* v. *Fancher.*

That interest may be made to become due in less than a year after the making of a loan, and if not then paid to thereafter bear interest at the same rate as the principal, was necessarily decided in *Bank* v. *Caston,* 97 Miss. 309, 52 So. 633. The opinion in that case in part is as follows:

''The only question in this case is whether this contract is usurious: Note for one thousand dollars loan, dated January 22, 1907, due July 22, 1907 (six months after date), with interest added in the face of the note at ten per cent. per annum from date until due, making the note for one thousand and fifty dollars, and providing for interest on this amount at ten per cent. per annum from maturity until paid. Under the authority of *Palm* v. *Fancher,* 93 Miss. 785, 48 So. 818, we hold that it is not.''

There can be, of course, no difference between the legal effect of the note there sued on and one for the principal

only of a loan due six months after date with a provision that if not paid at maturity the interest shall become a part of the principal and bear interest at the same rate.

In the case at bar the loan was for six months and seven days, interest payable at the end of the sixth month and again seven days thereafter; and there can be no rational distinction in so far as the question of usury is concerned between such a loan and one made by means of two notes, one due six months after its date, for which there is substituted on the maturity thereof a new note covering the principal thereof and interest due thereon, due seven days thereafter. The first of these loans is here held usurious while the second, under *Bank* v. *Caston,* could not be so held.