YALOBUSHA COUNTY *v.* TALLAHATCHIE COUNTY.

(Division B. Jan. 8, 1934.)

[151 So. 723. No. 30891.]

Stone & Stone, of Coffeeville, and Creekmore & Creekmore, of Jackson, for appellant.

J. A. Blount, of Charleston, and J. Morgan Stevens and J. M. Stevens, Jr., both of Jackson, for appellee.

**Anderson, J.,** delivered the opinion of the court.

This is an appeal, by certiorari, by Yalobusha county from an order of the state tax commission assessing for taxes and allocating to Tallahatchie county ninety-three hundredths of a mile of the track and right of way of the Illinois Central Railroad Company. The appeal was dismissed by the circuit court, and from that judgment, Yalobusha county appeals to this court.

In 1930, the Illinois Central Railroad Company, as required by statute, returned its property for assessment for taxes to the state tax commission. In its return, for Yalobusha county, ninety-three hundredths of a mile of its main line across section 4, township 11, range 7, was represented to be in that county. The railroad company, for many years, had returned this property as being in Yalobusha county, and the state tax commission had so treated it. Yalobusha county had received taxes on it for about sixteen years. Tallahatchie county filed a protest with the state tax commission objecting to the allocation of this trackage to Yalobusha county, alleging that it was not in that county, but was in Tallahatchie county. The state tax commission permitted Yalobusha county to intervene and make defense to the objections filed by Tallahatchie county. Yalobusha county claimed that the state tax commission had no right to fix the boundaries between counties. There was a hearing before the commission on oral and documentary evidence, and on December 31st, the commission decided in favor of Tallahatchie county, and entered an order allocating the ninety-three hundredths of a mile of trackage to that county, and changed the return of the railroad company accordingly. From that decision, Yalobusha county appealed to the circuit court of Hinds county by certiorari. There, on motion of Tallahatchie county, the appeal was dismissed, and the appeal to this court by Yalobusha county followed.

Sections 3200 et seq., Code 1930, provide for the assess-

ment for taxation of railroads and other public service corporations, and the governing procedure. In addition to fixing the value of such property for taxation, it is made the duty of the tax commission to allocate to the counties and other taxing districts the property of such corporations therein located.

The primary question involved in this case was as to whether the appellant or the appellee was entitled to the taxes, for the year 1930, on ninety-three hundredths of a mile of the Illinois Central Railroad. There is no controversy as to the correctness of the assessment of this piece of railroad. The appellant, Yalobusha county, claimed it was located within its boundaries, while the appellee, Tallahatchie county, claimed it was located within its boundaries.

The tax commission decided in favor of Tallahatchie county. When the case was heard in the circuit court of Hinds county on appeal, all taxes, both state and county, on this piece of railroad had been collected by Tallahatchie county and had gone the ways of all other taxes. One ground urged as sufficient to sustain the action of the circuit court is that the question is moot, and that a decision of it now would be fruitless. We agree with that contention, and therefore decide no other question in the case. Neither the tax commission, nor the circuit court on appeal, had any authority to fix the lines between these two counties, except as a mere, although necessary, incident in order to determine which county was entitled to the taxes for 1930 on the property involved. Under the statute, the assessment and allocation both take place annually, and the order of the tax commission assessing and allocating is only binding for the current year, not for the future. In other words, the order assessing and allocating is only res adjudicata for the current, and not for future years.

The tax commission has no jurisdiction to fix and determine county lines as an independent question. It is provided, by law, with no machinery for enforcing such

a judgment. There is a tribunal with such jurisdiction, with the power of enforcing its judgments. Neither has the tax commission authority, under the law, to render a judgment in favor of one county against another for taxes collected by one which the other claims belongs to it. There is no machinery for the enforcement of such a judgment.

Affirmed.