JEFFERSON STANDARD LIFE INS. CO. *v.* DAVIS *et ux.*

(Division B. Oct. 14, 1935.)

[163 So. 506. No. 31821.]

Shands, Elmore, Hallam & Causey, of Cleveland, for appellant.

**A. B. Sparkman,** of Cleveland, for appellees.

**Anderson, J.,** delivered the opinion of the court.

Appellees filed their bill in the chancery court of Bolivar county against appellant seeking to cancel and set aside a mortgage indebtedness due by them to appellant upon the ground that the contract evidencing the indebtedness was usurious, and to recover over a sum which the bill alleged represented the amount paid on the indebtedness by the appellees above the principal. There was a decree canceling the indebtedness and awarding to appellees the sum of two hundred thirty-two dollars and seventy-eight cents, with interest at six per cent per annum from August 1, 1933. From that decree, appellant prosecutes this appeal.

On the first day of August, 1923, appellees borrowed from appellant the sum of two thousand five hundred dollars, for which they executed their notes of that date, secured by a mortgage on hand, as follows: For the principal, one note in the sum of one thousand three hundred twelve dollars and fifty cents, due August 1, 1933, and nineteen notes for sixty-two dollars and fifty cents, payable semiannually for the ten-year period; for the interest, twenty notes in varying amounts representing eight per cent on the principal of the indtebtedness payable

semiannually, the amounts and due dates of the interest notes being as follows:

| | |
|---|---|
| Due February 1, 1924, $100.00. | August 1, 1924, $100.00. |
| February 1, 1925, $ 97.50. | August 1, 1925, $ 97.50. |
| February 1, 1926, $ 95.00. | August 1, 1926, $ 95.00. |
| February 1, 1927, $ 92.50. | August 1, 1927, $ 92.50. |
| February 1, 1928, $ 90.00. | August 1, 1928, $ 90.00. |
| February 1, 1929, $ 87.50. | August 1, 1929, $ 87.50. |
| February 1, 1930, $ 85.00. | August 1, 1930, $ 85.00. |
| February 1, 1931, $ 82.50. | August 1, 1931, $ 82.50. |
| February 1, 1932, $ 80.00. | August 1, 1932, $ 80.00. |
| February 1, 1933, $ 77.50. | August 1, 1933, $ 77.50. |

All the principal notes recited that they bore interest at the rate of eight per cent per annum from date, payable semiannually, and that interest before maturity was evidenced by the twenty interest notes. The interest notes all bore eight per cent interest from maturity until paid, payable semiannually. The evidence showed that, purging the transaction of all interest, and applying the payments to the principal of the indebtedness, it was overpaid in the amount awarded by the decree to appellees.

Chapter 229, Laws 1912, of which section 1946, Code 1930, is a rescript, provides, among other things, that if a greater rate of interest than eight per cent per annum "shall be stipulated for or received in any case, all interest shall be forfeited." It is manifest at once that under the authority of Rogers v. Rivers, 135 Miss. 756, 100 So. 385, 37 A. L. R. 313, the contract was usurious. It was held in that case that a note payable at a future date bearing interest at the rate of eight per cent per annum from date until paid, interest payable semiannually and defaulting interest to draw the same rate as the principal, was usurious.

Appellant concedes that the contract as written was usurious, but contends that it was purged of its usury in its performance. Appellant introduced evidence tending to show that the interest payments were reduced

as made to a point not to exceed eight per cent per annum. As to this, the evidence was conflicting. The court in its decree expressly found as a fact that the contract not only provided for usurious interest, but that such interest was also paid. We cannot say from the evidence that the chancellor was not justified in so finding. But, for the sake of argument, it may be conceded that no usurious interest was actually paid. The language of the statute is, "stipulated for or received." In Chandler v. Cooke, 163 Miss. 147, 137 So. 496, 498, and Crofton v. New South Building & Loan Ass'n, 77 Miss. 166, 26 So. 362, it was held that where more than the highest rate of interest was stipulated for "the loan is thereby rendered usurious, and all interest paid thereon may be recovered by the borrower, although the interest actually paid is within the legal rate." In other words, the statute condemns the usurious contract equally with the receipt of usurious interest.

Appellant refers to authorities from other states, holding that the parties to a usurious contract may abrogate the usury by a subsequent contract providing for legal interest. No such subsequent contract was shown by the evidence in this case. At most, there was only an effort on the part of appellant to reduce the interest to a point to make it legal.

Appellant contends that there was no evidence that the parties intentionally provided for usurious interest. Assuming that to be true, it relies on Planters' Bank v. Snodgrass, 4 How. 573, and Smythe v. Allen, 67 Miss. 146, 6 So. 627; in those cases it was held that where the parties to a contract unintentionally provided for usury —where they intended to make a legal contract—a mere mistake of fact through error in calculation or inadvertence would not make the contract usurious. The error or mistake must be one of fact, not of law. There is no evidence in this case to bring it within that principle. It is manifest from the record that both parties knew

exactly how much interest was being contracted for, and that it was more than eight per cent per annum; they may not have known what the law was. That was not necessary.

Appellant contends that to hold this contract usurious would deprive it of the guaranties of both federal and state constitutions against ex post facto laws and laws impairing the obligation of contracts. Appellant argues that in August, 1923, when the contract was made, it was valid under the decisions of this court in Palm v. Fancher, 93 Miss. 785, 48 So. 818, 33 L. R. A. (N. S.) 295; Merchants' & Planters' Bank v. Caston, 97 Miss. 309, 52 So. 633, and Culter v. Board of Sup'rs, 56 Miss. 115; that those decisions were necessarily overruled by Rogers v. Rivers, supra, which was decided after the contract was made, and therefore to apply the latter case would violate the constitutional provisions referred to. We do not pass on the question whether a change in the decision of the court could have that effect, for we are of opinion that Rogers v. Rivers, did not overrule the cases referred to. On the contrary, there is no real substantial conflict between them. It was not held in those former cases that a contract for interest at the highest rate allowed, with semiannual rests and the interest to be compounded at such rests, was valid. The contracts involved in those cases were not that kind. Our view obviates the necessity, therefore, of passing on the constitutional question.

Affirmed.