JEFFERSON STANDARD LIFE INS. Co. *et al. v.* HAM.

(Division A.   April 5, 1937.)

[173 So. 672.   No. 32499.]

**Maynard, Fitzgerald & Venable,** of Clarksdale, for appellant.

**Shands, Elmore, Hallam & Causey**, of Cleveland, for appellants.

Roberson, Cook & Luckett, of Clarksdale, for appellee.

Argued orally by **L. C. Hallam,** and **W. W. Venable,** for appellant, and by **Semmes Luckett,** for appellee.

**McGowen, J.,** delivered the opinion of the court.

In this case the usury statute of our state, section 1946, Code 1930, was enforced by the court below in accordance with the construction put upon it by this court in

Rogers v. Rivers, 135 Miss. 756, 100 So. 385, 37 A. L. R. 313, which was decided by this court in banc, there being an equal division, three judges for affirmance and three for reversal.

The pleading and essential facts alleged in the case at bar cannot be differentiated from the case of Jefferson Standard Life Insurance Co. et al. v. Dorsey et al. (Miss.), 173 So. 669, this day decided.

Appellants urge upon us that we now overrule the case of Rogers v. Rivers, supra, as unsound and mischievous, and cite authorities from other appellate courts, and among them, Jefferson Standard Life Ins. Co. v. Dattel (C. C. A.), 83 F. (2d) 504. The reasoning and philosophy of those cases were considered and disposed of by the controlling opinion in the case of Rogers v. Rivers, supra, and that decision, although rendered by an equally divided court, is binding upon us under the rule of stare decisis. See Robertson v. Mississippi Valley Company, 120 Miss. 159, 81 So. 799. In the latter case the three judges who voted to affirm the case were entitled to write the controlling opinion, they having decided to conform to the judgment of the lower court.

Aside from this, the same question has been presented to Division B of this court again, with a change in the personnel thereof, and after due consideration of the case of Jefferson Standard Life Ins. Co. v. Todd, 151 So. 723 (not officially reported), the court adhered to and reaffirmed the decision in Rogers v. Rivers, supra. Only recently this division considered this same question again and adhered to that decision. See Jefferson Standard Life Ins. Co. v. Davis, 173 Miss. 854, 163 So. 506.

The Legislature by the adoption of the Code of 1930 and section 1946 thereof reenacted the statute with the construction placed upon it by this court in the case of Rogers v. Rivers, supra.

By the Laws of 1916, chapter 152, the Legislature inserted into our Constitution an amendment (section 287) which vested in the Supreme Court the power to sit in two divisions under such rules and regulation as the court might adopt. By rule 34 thereof this court exercised the constitutional power vested in it, and the court was so divided in two divisions. See 161 Miss., Rules, p. 908. Under the constitutional power and authority vested in this court, the decision of a division thereof becomes authoritative and binding in this state as to cases thus determined and decided by a division of this court; and a decision by an equally divided court is a judicial precedent until overruled. Robertson v. Mississippi Valley Co., supra. By that amendment full power is vested by the Constitution in a division of this court to hear and determine the cases brought before it.

We decline to overrule the case of Rogers v. Rivers, supra, and the other cases following it.

In the case of Jefferson Standard Life Ins. Co. v. Dorsey et al., 173 So. 669, we have decided the effect of section 1951, Code 1930, as applied to this case adversely to the contention that it shall be construed as a curative statute and retrospective in its effect.

Affirmed.