JEFFERSON STANDARD LIFE INS. Co. *et al. v.* DORSEY *et al.*

(Division A. April 5, 1937.)

[173 So. 669. No. 32500.]

Maynard, FitzGerald & Venable, of Clarksdale, and Shands, Elmore, Hallam & Causey, of Cleveland, for appellants.

Roberson, Cook & Luckett, of Clarksdale, for appellees.

McGowen, J., delivered the opinion of the court.

The appellees, L. B. Dorsey and wife, exhibited their bill against the Jefferson Standard Life Insurance Company, seeking the cancellation of an indebtedness and deed of trust on certain land securing the same. The appellants filed a demurrer to the bill, which was overruled by the court, and upon declining to plead further, a judgment final was entered in accordance with the prayer of the bill. In addition to seeking the cancellation of the deed of trust and debt, the bill alleged an overpayment because of violation of the usury laws of this state and prayed for a money decree for the excess payment, and this prayer was likewise granted.

On the 15th day of March, 1923, the appellees borrowed from the Insurance Company $4,650. The loan was evidenced by a series of five promissory notes, due annually thereafter, in installments on March 15th of each year, the final payment being $3,720, due March 15, 1928.

The principal notes provided for interest from date until paid at the rate of 8 per cent. per annum, payable semiannually on the 15th day of September and the 15th day of March of each year after date, to evidence which the appellees executed, on said date, ten promissory notes due successively in semiannual rests. The interest notes provided for interest, after maturity, at the rate of 8 per cent. per annum, payable semiannually until paid. It will be observed that the principal notes were made to fall due in twelve-month periods, while the interest notes were made to mature in six-month periods, and that the interest notes bore the maximum rate of interest, the interest thereon being payable semiannually.

The bill charged that this contract violated the usury statute, and that appellees had paid the principal sum of the debt, and an excess, for which they prayed a

money decree. The bill was amended to show the exact figures, and there is no complaint as to the calculation of the payments and the excess due if the usury statute is to be applied against the principal indebtedness without interest.

The ground of the demurrer was that there was no equity on the face of the bill.

This is a companion case to Jefferson Standard Life Insurance Company et al. v. Ruby Ham, 173 So. 672.

The facts, as alleged in the bill of complaint here, are the same as those considered by this court in the case of Rogers v. Rivers, 135 Miss. 756, 100 So. 385, 37 A. L. R. 313, except as to dates, names, and amounts, and also the cases of Jefferson Standard Life Ins. Co. v. Todd, 151 So. 723 (not officially reported) and Jefferson Standard Life Insurance Co. v. Davis, 173 Miss. 854, 163 So. 506.

In the Ham Case, supra, we have this day declined to overrule the three cases above mentioned.

The appellants, in the case at bar, assume, for the sake of the argument, that the case of Rogers v. Rivers, supra, and the other two cases, were correctly decided, but insist that since the enactment of section 1951, Code 1930, that statute is to be construed as a curative statute, which validates and cures the contract of the vice of usury which had been theretofore for many years outlawed in this state. By the adoption of the Code of 1930 by the Legislature, presumably there went into effect simultaneously section 4 thereof as to former rights; section 1946 as to the legal rate of interest; and section 1951, the alleged curative statute.

Section 4, chapter 1, Introductory, Code of 1930, is as follows: "The repeal of any statutory provisions by this code shall not affect any act done, or any cause of action, or any right accruing or accrued or established, or any suit or proceeding had or commenced in any civil case, or any plea or defense or bar thereto, previous to

the time when such repeal shall take place; but the proceedings in every such case shall be conformed, as far as practicable, to the provisions of this code.''

Section 1946, Code 1930, is as follows: ''The legal rate of interest on all notes, accounts and contracts shall be six per cent per annum; but contracts may be made, in writing, for a payment of a rate of interest as great as eight per centum per annum. And if a greater rate of interest than eight per centum shall be stipulated for or received in any case, all interest shall be forfeited, and may be recovered back, whether the contract be executed or executory. If a rate of interest is contracted for or received, directly or indirectly, greater than twenty per centum per annum, the principal and all interest shall be forfeited, and any amount paid on such contract may be recovered by suit.'' This section is brought forward without change or amendment from chapter 229, Laws 1912 (Hemingway's Code 1917, section 2075). The usury statute was construed by this court in the case of Rogers v. Rivers, supra, in the year 1924.

Section 1951, Code 1930, is as follows: ''When any particular rate of interest per annum is specified in any contract or evidence of indebtedness it shall not be construed as any increase of said rate merely that the interest at the specified rate per annum is stipulated to be paid quarterly, or semi-annually, or at any other period less than a year, nor shall the fact that the principal and interest is paid at a date earlier than that stipulated in the contract or evidence of indebtedness be taken as any increase of the rate per centum although paid for the whole period stipulated.''

Realizing the force and effect of the decision of this court in Goodman v. Building & Loan Association, 71 Miss. 310, 14 So. 146, appellants argue that there is much importance to the fact that section 1951 is not written as a part of, and included in, section 1946. We cannot perceive the force of that argument. The two

sections must be construed in pari materia in connection with section 4 of the Code of 1930. In that case the court construed section 2348, Code 1892. Before that time no exception had been made in the statute in favor of building and loan associations as to a maximum rate of interest. That statute left these associations unaffected by our usury laws. As to a contract made prior to the adoption of the Code of 1892, the court held that section 2348 thereof did not have the effect to free such contract from the taint of usury, and held that section 4 of the Code of 1892 preserves, unaffected by changes made by the Code, any former cause of action or defense, and distinctly held that section 5, relating to crimes, forfeitures, and penalties, had no effect.

As in the Goodman Case, supra, we could close the argument with this statement of the law; but, again, as in that case, it is argued for appellants that the language of section 1946, "if a greater rate of interest than eight per centum shall be stipulated for or received in any case, all interest shall be forfeited, and may be recovered back, whether the contract be executed or executory," creates a penalty. Courts of other states have so held in the construction of similar statutes. Our court has consistently held that the right to recover interest denounced as usury by our statutes is not the right to recover a penalty, but one that arises from the contract.

In Chandlee v. Tharp, 161 Miss. 623, 137 So. 540, 541, 78 A. L. R. 445, this court said: "Section 1946 of the Code of 1930, after fixing the legal and contractual rate of interest that may be charged, provides, further, that 'if a greater rate of interest than eight per centum shall be stipulated for or received in any case, all interest shall be forfeited, and may be recovered back, whether the contract be executed or executory. If a rate of interest is contracted for or received, directly or indirectly, greater than twenty per centum per annum, the princi-

pal and all interest shall be forfeited, and any amount paid on such contract may be recovered by suit.' The claim here involved is based upon the charge and ground that a greater rate of interest than 20 per cent. per annum was received by the creditor, and seeks to recover all amounts paid on the usurious indebtedness. The question then is presented as to whether or not this claim is contractual or is in the nature of a penalty, or punitive damages. In the case of Buntyn v. Building & Loan Ass'n, 86 Miss. 454, 38 So. 345, it was held that an obligation to repay interest collected upon an usurious agreement (although liability therefor arose under a statute declaring that in such case all interest shall be forfeited and may be recovered back) is in its nature an implied contract, and will be barred by the three-year statute of limitation, providing that actions on unwritten contracts, express or implied, shall be commenced within three years, the court saying: 'The liability, if it exists at all, arises not from any express contract, either written or verbal, but from the fact that the appellee coerced the payment of money which it had no right to exact, in which case, because of its obligation to repay such money, the law implies a contract on its part to do so.' '' This court cited therein, with approval, the cases of Commercial Bank v. Auze, 74 Miss. 609, 21 So. 745, and Beck v. Tucker, 147 Miss. 401, 113 So. 209. The language is too plain to be misunderstood.

It will not answer these decisions to say that the court was dealing with a matter of pleading. The court applied the contract statute of limitations and not the shorter penalty statute. The usury statute conferred upon the borrower a right offensively and defensively, and section 4 specifically preserves that right which theretofore existed.

In this discussion, we refer to the general rule that courts will not construe a statute to be retroactive unless the words thereof admit of no other construction or

meaning. Garrett v. Beaumont, 24 Miss. 377; State ex rel. Knox v. Union Tank Car Company, 151 Miss. 797, 119 So. 310. Before a statute will be given such retroactive effect, there must be a plain declaration therein that it is so to operate. Pan-American Petroleum Corporation v. Miller, 154 Miss. 565, 122 So. 393. We call attention that the language of section 1951, Code 1930, "When any particular rate of interest per annum is specified in any contract or evidence of indebtedness it shall not be construed," etc., might, on a casual reading, be thought to be a mandatory direction from the Legislature as to how the courts of the state shall construe the law in that behalf. If such had been the intention of the Legislature, the answer is, in the language of Chief Justice Cooper in the case of McCulloch et al. v. Stone, 64 Miss. 378, at page 395, 8 So. 236, 239, "that it is not for the legislature to construe laws for the past. That duty is by the constitution devolved upon the courts. The legislature may determine what the law shall be, but the courts must say what the law has been." Whatever may be the final construction of section 1951 under our decisions, the effect must be prospective and not otherwise.

Affirmed.