## JEFFERSON STANDARD LIFE INS. CO. v. MYERS et al.

### No. 9062.

Circuit Court of Appeals, Fifth Circuit.

May 24, 1939.

W. W. Venable, of Clarksdale, Miss., for appellant.

Edward C. Brewer and Charles A. Sisson, both of Clarksdale, Miss., for appellees.

Before FOSTER, HUTCHESON, and McCORD, Circuit Judges.

## HUTCHESON, Circuit Judge.

Plaintiff, Appellant, the holder of notes secured by deed of trust brought this suit for a declaratory judgment as to their validity and enforceability, as against the claim of Defendants' Appellees, that they were usurious and invalid.

Appellees, the maker of the notes answered, asserting their invalidity, and by cross claim sought not only the cancellation of notes and lien, but a judgment against Plaintiff for $3,296.08, usurious interest paid on the notes. Defendants' claim of usury was that the contract called for interest at the highest legal rate, the interest payable semi-annually and itself drawing interest if not paid when due, and that the Statute of Mississippi, in force when the loan was made, Code 1930, Section 1946,[1] made the contract usurious. Plaintiff admitted that the contract in its terms was as claimed by Defendants, indeed its own pleadings showed that this was so. It denied that such a contract was or could be usurious under Mississippi law. Both Plaintiff and Defendant, moved for judgment on the pleadings. The District Judge, of the opinion that Defendants had the right of it under Mississippi law, gave judgment for Defendants as prayed for in their cross bill, for cancellation of the notes and lien, and for the recovery back of the $3,296.08 usurious interest paid. Appellants insisting that the District Judge wrongly construed the statute and gave a wrong judgment, puts its reliance in Judge Sibley's reasoning in our decision, Jefferson Standard Life Insurance Company v. Dattel, 5 Cir., 83 F.2d 504, at pages 506, 507, that a contract like the one at Bar is not usurious under Mississippi law. Appellees, as the District Judge did, rely on five Mississippi decisions. Rogers v. Rivers, 135 Miss. 756, 100 So. 385, 37 A.L.R. 313; Jefferson Standard Life Insurance Company v. Todd, Miss., 151 So. 723; Jefferson Standard Life Insurance Company v. Davis, 173 Miss. 854, 163 So. 506; Jefferson Standard Life Insurance Company v. Ham, 178 Miss. 838, 173 So. 672; Jefferson Standard Life Insurance Company v. Dorsey, 178 Miss. 852, 173 So. 669, all holding such a contract invalid.

The Appellees insist that these decisions of the highest court of Mississippi, construing the Mississippi Statute, are binding on us. Appellant replies: "Not so, these are departures from a construction, having a currency and force when the loan contract was made, or if they are not departures the decisions of Mississippi, are in such confusion and conflict, that the Federal Courts are competent to make their own construction of the law, and this court having already construed the law in favor of Appellant's contention, the judgment must be reversed." We need not inquire how far a Federal Court is governed in the present state of the law, cf. Associated Indemnity Corp. v. Scott, 5 Cir., 103 F.2d 203; Wichita Royalty Company v. City National Bank, 59 S.Ct. 420, 83 L.Ed. ——, in following earlier, as against later State Court decisions, construing a statute, or what freedom it has when State Court decisions are uncertain or confused, to follow its own independent judgment. For the Mississippi decisions, cited, make it too plain for discussion that there is neither conflict, confusion nor uncertainty as to the proper construction of the statute in question, and that the Dattel case from our court, if in conflict with those decisions, must be abandoned as contrary to Mississippi law. But there is no conflict between what was decided, as opposed to what was said, in the Dattel case and the Mississippi decisions.

What was decided in the Dattel case was that Mrs. Dattel was estopped to assert usury. The part of the opinion on which Appellant relies (as was carefully stated in it) was the view only of the writer of it. It is clear that as construed by the Mississippi Supreme Court, the statute makes the contract here sued on usurious, and all sums paid as interest on it recoverable as usury, that the judgment appealed from was in conformity with Mississippi law and that it must stand.

It is affirmed.

[1] * * * contracts may be made, in writing, for a payment of a rate of interest as great as eight per centum per annum. And if a greater rate of interest than eight per centum shall be stipulated for or received in any case, all interest shall be forfeited, and may be recovered back, whether the contract be executed or executory * * *