## W. A. STRICKLIN ET AL. *v.* GEORGE W. COOPER.

VENDOR'S LIEN. *How enforced against purchaser from vendee.*

N. sold and conveyed a tract of land to S., who paid a part of the purchase-money and gave his note for the balance. A lien was reserved in the deed for the unpaid purchase-money. The note not being paid at maturity, N. brought suit thereon for the use of C., recovered judgment against S., and had execution issued, which was returned *nulla bona.* In the meantime P. had purchased the land from S. After the return of the execution, C. filed his bill to enforce the lien reserved in the deed against the land for the unpaid purchase-money. The chancery court decreed a sale of the land for the payment of the amount due by the judgment against S., with interest thereon. *Held,* that the land, in the hands of P., was only chargeable with the principal of the note, and simple interest thereon; and that, as the judgment included interest on the note to the date of its rendition, and the decree charged interest on the judgment, the decree was erroneous because it compounded the interest.

APPEAL from the Chancery Court of Yazoo County.

Hon. E. G. PEYTON, Chancellor.

In 1872 N. G. Nye sold and conveyed a tract of land to W. A. Stricklin. The latter paid a part of the purchase-money in cash, and gave his note for the balance. Nye reserved a lien in the deed to secure the unpaid purchase-money. In 1872 Stricklin sold the land to J. A. Purvis. The note was not paid at maturity, and in 1873 Nye brought suit thereon and recovered a judgment against Stricklin. An execution was issued on the judgment, and returned *nulla bona.* Thereupon, Nye and Cooper filed their bill in chancery to enforce the lien

reserved in the deed, against the land, for the balance of the purchase-money. A decree was rendered charging the land with the amount of the judgment against Stricklin, and interest thereon.

*R. Bowman*, for the appellants.

The Chancery Court rendered a decree charging the land with the amount of the judgment in the Circuit Court, and interest and costs. This, I think, was such a manifest error that no argument is required to convince this court that the decree should be reversed.

*W. H. Luce*, on the same side.

I contend that the land was only liable to be charged with the amount of the note and interest thereon. The decree, being for more than this amount, is erroneous, and should be reversed.

*D. Jones*, for the appellees.

The decree of the chancellor was correct, and should be affirmed. *Banks* v. *Conger*, 9 Smed. & M. 505; *Minor* v. *Gaw*, 11 Smed. & M. 322; *Emmons* v. *Myers*, 7 How. 375; *Eckford* v. *Hogan*, 44 Miss. 398; Rev. Code 1871, secs. 2296, 2297.

CAMPBELL, J., delivered the opinion of the court.

As against Purvis, who had purchased the land from Stricklin, it was erroneous to take as the basis of computing the sum for which the land was chargeable, by virtue of the lien reserved in the deed conveying it to Stricklin, the amount of the judgment which had been rendered against him by the Circuit Court on the note for the purchase-money, to secure which the lien had been reserved in the deed. All that the land is liable for in the hands of Purvis, who is not a party to the note, is the principal and interest of the note. The judgment against Stricklin on the note includes the interest which had accrued on the note up to the time of its rendition, and computing interest on the judgment compounds interest, which is not allowable as against Purvis.

We do not perceive any other error in the record; but for this the decree will be reversed and cause remanded, unless counsel will cause the computation to be made and the proper decree to be entered here; which may be done.