Robert Clark STOVALL, Jr.,
Plaintiff-Appellant,

v.

ILLINOIS CENTRAL GULF RAILROAD
CO., Defendant-Appellee.

No. 83–4334
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Jan. 3, 1984.
Rehearing Denied Jan. 26, 1984.

Robert C. Stovall, Jr., pro se.

Joseph P. Wise, Jackson, Miss., for defendant-appellee.

Before BROWN, TATE and HIGGIN-BOTHAM, Circuit Judges.

TATE, Circuit Judge:

The narrow issue presented by this appeal concerns whether interest awarded by a 1981 judgment was intended to be computed on a simple basis or instead to be compounded annually, in alleged accordance with Mississippi law. We affirm the 1983 order of the district court, insofar as it provided that pre-judgment interest was to be compounded annually, but we reverse that order insofar as it provided that post-judgment interest was to be computed on that basis instead of on a simple-interest basis.

On April 17, 1981, the federal district court entered judgment in favor of Illinois Central, the defendant, on its counterclaim against Stovall, the plaintiff, in the amount of $17,716.83 "plus interest at the rate of 6% from and after February 11, 1977, to the date hereof [*i.e.*, of the judgment of April 17, 1981] and 8% interest thereafter until paid." After this judgment became final, a controversy arose between the parties as to the computation of the interest, whether to be computed on a simple or compounded-annually basis. Stovall filed a motion with the court to stay a garnishment writ and to determine the interest between the parties, asking that the court interpret its 1981 judgment to determine whether it awarded Illinois Central "interest compounded annually, and if so, the amount of any additional now owing if the order is so interpreted."

Stovall appeals from the district court's order that determined that, under Mississippi law, the interest should be compounded annually.

Initially, we note that the judgment specifying the rate of interest allowable does not specify the basis upon which it is to be computed (whether simple or compounded annually), nor for that matter does it specify that the interest be computed per annum. However, in its memorandum opinion filed April 17, 1981 (contemporaneously with the judgment interpreted by the present appealed order), the district court stated that it granted Illinois Central "prejudgment interest from and after February 11, 1977 [the day the account owed by Stovall became due], at the *legal rate* of six percent (6%) until date of judgment and eight percent (8%) thereafter."

■ Stovall's threshold contention is that the district court's 1983 order, now under appeal, improperly "amended" the 1981 judgment to allow more interest than that initially awarded after it had become final. However, as was recognized by Stovall's motion that provoked the order now under appeal (which clarified the interest-computation), the 1981 judgment does not unambiguously provide for the interest to be calculated on a simple-interest basis, as Stovall now argues that it did. Thus, the judgment's ambiguity in that regard was subject, upon motion of a party or by the court itself at any time, to clarification of a clerical mistake or of an error "arising from oversight or omission." Fed.R.Civ.P. 60(a). The district court was empowered to correct the clerical ambiguity, as it did upon the plaintiff's motion, arising from its oversight or omission to specify in the judgment itself the method of calculation intended at the time the now-final judgment was entered.

As its memorandum opinion filed on the date the judgment was entered shows, the district court intended to award interest "at the legal rate" under Mississippi law.

■ *Pre-Judgment Interest:* As to the principal amount of the account owed by Stovall to Illinois Central that became due in 1977, the legal rate of interest was specified by the Mississippi Code of 1972, § 75–17–1(1), as amended, to be "six percent (6%) per annum, calculated *according to the actuarial method.*"[1] As the district court

---

1. The version of § 75–17–1(1) applicable to the 1977 account was that provided by Mississippi Sessions Law, 1974, Ch. 564, § 1, which provided:

The legal rate of interest on all notes, accounts and contracts shall be six percent (6%) per annum, calculated according to the actuarial method, but contracts may be made, in writing, for payment of a finance charge as otherwise provided by this act or as otherwise authorized by law.

Further amendments as to the legal rates were made by amendments of 1980 and 1982, which are not here relevant.

found, the uncontradicted evidence in the record of the trial is that interest computed "according to the actuarial method" has the technical meaning that interest be computed at the specified rate, compounded annually. We therefore affirm the district court's 1983 order clarifying its 1981 judgment to specify that the pre-judgment interest awarded be computed at six percent per annum, compounded annually, the "legal rate" of interest intended to be awarded by the 1981 judgment.

*Post-Judgment Interest:* Interpreted in the light of its contemporaneous memorandum opinion, the district court judgment was also intended to award post-judgment interest "at the legal rate". However, while the pre-judgment interest provision of the Mississippi Code of 1972 § 75–17–1(1), *supra,* had been amended by 1974 to provide for the computation of interest "according to the actuarial method", the provision of the Mississippi Code of 1972 allowing *post*-judgment interest was never so amended. At the time of the 1981 judgment in the instant suit, Mississippi Code of 1972, § 75–17–7, as amended, provided with regard to judgments on accounts simply that they "shall bear interest at the rate of eight percentum (8%) per annum."[2]

■ Prior to the amendments in the 1970's of Mississippi's legal interest statutes that allowed interest to be calculated "according to the actuarial method", the allowable maximum legal interest in Mississippi could not include interest on interest, i.e., compound interest. *Rogers v. Rivers,* 135 Miss. 756, 100 So. 385 (Miss.1924); *Jefferson Standard Life Insurance Co. v. Myers,* 104 F.2d 94 (5th Cir.1939). *See also Stricklin v. Cooper,* 55 Miss. 624 (1878). This is in accord with the general American rule that when interest is allowable, it is to be computed on a simple rather than compound basis in the absence of express authorization otherwise. Restatement of Contracts

2d, § 354, Comment *a* (1981); Restatement of Trusts 2d, § 207(2) (1959); Restatement of Torts 2d, § 913, Comment *b* (1979). *See also* decisions cited at 47 CJS "Interest & Usury" § 71 (1982).

■ We noted previously that the 1981 judgment intended to award post-judgment interest at the "legal rate" of eight percent per annum. Under Mississippi law applicable at the time of judgment, post-judgment interest was awardable only on a simple-interest basis. Unlike the Mississippi statute authorizing pre-judgment interest, the Mississippi statute authorizing post-judgment interest did not authorize its computation on a compound- instead of simple-interest basis. We conclude, therefore, that the district court's instant 1983 order, attempting to clarify the computation of interest allowable by its 1981 judgment, was in error in holding that such post-judgment interest be computed on a compound basis.

*Conclusion*

Accordingly, we AFFIRM the order of the district court insofar as it provided that the pre-judgment interest be computed on the compounded-annually method; but we REVERSE that order insofar as it provided for the same method of computation of the post-judgment interest, and we REMAND to the district court for further proceedings consistent with this opinion and therefore allowing the computation of post-judgment interest on a simple-interest basis only. The appellee, Illinois Central, is to pay the costs of this appeal and such costs of the interest-computation proceedings below as the district judge deems appropriate.

AFFIRMED IN PART; REVERSED AND REMANDED IN PART.

---

**2.** As amended in 1975 and applicable at the time of the 1981 judgment below, Mississippi Code of 1972, § 75–17–7 provided:

    All judgments and decrees founded on any contract shall bear interest at the same rate as the contract evidencing the debt on which the judgment or decree was rendered. All other judgments and decrees shall bear interest at the rate of eight percentum (8%) per annum.