# R.S. DEERING MECHANICAL CONTRACTORS, Plaintiff-Appellant,

v.

# LIVESEY COMPANY, Defendant-Respondent.

Court of Appeals

*No. 90–1849. Submitted on briefs November 29, 1990.—Decided March 13, 1991.*

(Also reported in 468 N.W.2d 758.)

On behalf of the plaintiff-appellant, the cause was submitted on the brief of *James A. Mast* of *Rohde, Neuses & Dales* of Sheboygan.

On behalf of the defendant-respondent, the cause was submitted on the brief of *Kim Grimmer* and *Don M. Millis* of *Ross & Stevens, S.C.* of Madison.

Before Nettesheim, P.J., Brown and Scott, JJ.

BROWN, J.   R.S. Deering Mechanical Contractors appeals the trial court's denial of preverdict interest on damages awarded Deering for Livesey Company's termination of a construction contract. Because we find the contract clearly provided for ten percent interest on any amount due to Deering upon a contract termination, we conclude that preverdict interest should have been granted. Therefore, we reverse the judgment of the circuit court and remand for amendment of the judgment to allow preverdict interest.

Livesey hired Deering to do plumbing work for two office buildings being constructed in Sheboygan. Prior to completion of the plumbing work, Livesey terminated Deering's contract. Deering brought this action to recover $61,360 it claimed was due for labor and materials. In response, Livesey counterclaimed to recover $42,000 for the cost of finishing the project and lost rental income. The jury awarded Deering $39,538 but subtracted $11,819.44 for Livesey's counterclaim, leaving Deering with $27,718.56.

Prior to its judgment for damages, the trial court denied Deering's motion for preverdict interest on the damages. Deering brought this appeal limited to the interest issue.

Whether preverdict interest may be awarded is a question of law. *Loehrke v. Wanta Builders, Inc.,* 151 Wis. 2d 695, 706, 445 N.W.2d 717, 722 (Ct. App. 1989). We review questions of law *de novo* without deference to the trial court. *First Nat'l Leasing Corp. v. Madison,* 81 Wis. 2d 205, 208, 260 N.W.2d 251, 253 (1977). Preverdict interest is available when damages are fixed and determinable or may be measured according to a reasonably certain standard. *Loehrke,* 151 Wis. 2d at 706, 445 N.W.2d at 722.

Livesey argues that there was no reasonably certain standard for ascertaining prior to judicial determination what amount it owed Deering. Livesey asserts that Deering's claim was not ascertainable for three reasons: the claim was unliquidated; Livesey challenged Deering's substantial performance; and there was a substantial variance between the amount of damages Deering claimed and the amount the jury awarded.

In contrast, Deering argues that the contract between the parties contained an express written provision for interest on amounts due and unpaid under the contract. Deering contends that Livesey had a reasonably certain standard of measurement to determine the amount due because Deering's claim was for labor performed and materials supplied to the construction project prior to Livesey's termination of Deering.

■ The contractual agreement between Livesey and Deering consisted of the Standard Form of Agreement Between Owner and Contractor (Form A101) and the General Conditions of Contract for Construction (Form A201), together with some modifications to Form A201 not at issue in this case. Article 13.6.1 of Form A201 provided for interest on payments due:

> Payments due and unpaid under the Contract Documents shall bear interest from the date payment is due at such rate as the parties may agree upon in writing or, in the absence thereof, at the legal rate prevailing from time to time at the place where the Project is located.

Article 5 of Form A101 further specified that interest would be paid on amounts due: "Payments due and unpaid under the Contract Documents shall bear interest from the date payment is due at the rate entered

below . . .." The rate entered was ten percent. We conclude from these documents that the contract between the parties contained an explicit provision for interest.

The contract also contained an explicit provision for determining the amount due. Article 14.2.4 of Form A201 states that when the owner terminates a contractor for cause "[i]f the unpaid balance of the Contract Sum exceeds costs of finishing the Work, including compensation for the Architect's services and expenses made necessary thereby, such excess shall be paid to the Contractor." While the exact amount due for labor and materials in the event of termination was not specified as liquidated damages in the contract, the contract contained a methodology for determining the amount due without a judicial determination. Furthermore, the contract explicitly provided for ten percent interest to be paid on any amount due and unpaid to Deering.

As long ago as 1899 our supreme court recognized that interest should be paid on the amount required to satisfy a contractual obligation. *Laycock v. Parker,* 103 Wis. 161, 181, 79 N.W. 327, 333 (1899). Interest is a measure of the time value of money. *See Wyandotte Chemicals Corp. v. Royal Elec. Mfg. Co., Inc.,* 66 Wis. 2d 577, 582, 225 N.W.2d 648, 651 (1975). Contracts such as the one between Livesey and Deering recognize the time value of money by explicitly providing for interest on amounts due and unpaid. We would be rewriting the contract between the parties if we denied preverdict interest on the amount the jury determined was due Deering. Therefore, we hold that Deering's motion for preverdict interest should have been granted.

Livesey argues that even if the contract is read to require preverdict interest, the interest should not begin

to accrue on the date of Livesey's termination of Deering but on the date when the work on the project was completed. Livesey cites article 14.2.3 of Form A201 which states: "When the Owner terminates the Contract [for cause], the Contractor shall not be entitled to receive further payment until the Work is finished."

We agree with Livesey. Article 5 of Form A101 provides that interest will be paid "from the date payment is due." Article 14.2.3 of Form A201 specifies that payment is not due until the work is completed. Therefore, Livesey owes Deering interest on the jury's verdict from the completion date for the work Deering's termination left undone.

We reverse and remand to the circuit court for revision of the judgment to allow preverdict interest in accord with this opinion.

*By the Court.*—Judgment reversed and cause remanded with directions.