ALLEN & O'HARA, INCORPORATED, Plaintiff–Appellee,

and

Northwestern Mutual Life Insurance Company, Intervening–Plaintiff– Appellee,

v.

BARRETT WRECKING, INCORPORATED, Defendant–Appellant.

No. 91–1676.

United States Court of Appeals, Seventh Circuit.

Argued Dec. 6, 1991.

Decided May 21, 1992.

Michael B. Apfeld (argued), Godfrey & Kahn, Milwaukee, Wis., for Allen & O'Hara, Inc.

Joseph M. Amidon (argued), West Allis, Wis., for Barrett Wrecking, Inc.

William H. Alverson, Michael B. Apfeld (argued), John Kirtley, Godfrey & Kahn, Milwaukee, Wis., for Northwestern Mut. Life Ins. Co.

Before BAUER, Chief Judge, EASTERBROOK and KANNE, Circuit Judges.

KANNE, Circuit Judge.

Allen & O'Hara, Inc., as general contractor, brought this breach of contract action against Barrett Wrecking, Inc. ("Barrett"), a demolition subcontractor, after terminat-

ing their contract. Barrett counterclaimed for breach of contract. The dispute centered around which party was responsible for delays in the renovation of a building and who should bear additional costs of demolition caused by the delays and subsequent changes in demolition procedure. Northwestern Mutual Life Insurance Company intervened as an indemnitor of Allen & O'Hara. The jury returned a special verdict finding that Allen & O'Hara had breached the contract by terminating it without justification, and awarded Barrett compensatory damages of $852,000. Judgment was entered on the verdict.[1] The district court denied Barrett's motion for prejudgment interest on the basis that "the award was incapable of precise calculation."

■ On appeal, we affirmed the judgment, except with respect to the issue of prejudgment interest. We reversed and remanded to the district court for a finding on the amount of such interest on the contract damages. *Allen & O'Hara, Inc. v. Barrett Wrecking, Inc.*, 898 F.2d 512 (7th Cir.1990). On remand, the district court determined that interest was due from June 10, 1985, when Barrett submitted an itemization of all damages at trial.[2] The only issue on appeal is whether, under Wisconsin law,[3] prejudgment interest should have been awarded from the date of breach.

■ The parties' contract provided that "[p]ayments due and unpaid under the contract documents shall bear interest from the date payment is due." Barrett argues that the phrase "the date payment is due"

requires that prejudgment interest be awarded from the time of breach—payment for work performed under the contract (including extras) was due on May 9, 1980, when Allen & O'Hara wrongfully terminated the contract. Barrett contends that this was our holding upon remand, and, therefore, it is the law of the case. *See Key v. Sullivan*, 925 F.2d 1056, 1060 (7th Cir.1991) (once appellate court expressly or implicitly decides an issue, the decision is binding on subsequent proceedings). In remanding the case to the district court, we noted that the contract indicates that "interest shall be *due on all unpaid amounts under the contract*" (emphasis added). We also found that the "contract damages" included payment for extra work Barrett performed under the contract as modified by the parties. *See* 898 F.2d at 518–19.

Allen & O'Hara argues that no payment was "due" until Barrett presented an unqualified itemization of damages at trial because the amount owing was not determinable before that time, *see Employers Insurance of Wausau v. Smith*, 154 Wis.2d 199, 453 N.W.2d 856, 860 (1990) ("amount due and payable" refers to a liquidated claim—i.e., one in which the amount is beyond dispute), or until Barrett made a demand for payment. *See* Restatement of Contracts 2d, §§ 254, 255 (1981).

We agree with Barrett that prejudgment interest began to run on the date of breach. "Pre[judgment] interest is available when damages are fixed and determinable or may be measured according to a reasonably certain standard." *R.S. Deering Me-*

---

1. In sustaining the verdict, the district court found that damages were awarded for work performed under the contract ($133,674), extra work performed under the contract as modified by the parties ($704,545), and the reasonable rental value of equipment held by Allen & O'Hara for seven days after the contract was terminated ($14,000). On appeal, we found the evidence was sufficient to support the award for extras. *See Allen & O'Hara, Inc. v. Barrett Wrecking, Inc.*, 898 F.2d 512, 519 (7th Cir.1990). Barrett concedes that an award of prejudgment interest from the time of breach should be reduced by 5% per annum interest on the damages for the rental value—or $13.46. *See infra.*

2. The district court calculated the interest, at a rate of 5% per annum, from June 10, 1985 until July 3, 1985, the date of the verdict, for an amount of $2,684.38. The parties agree that prejudgment interest is to accrue at the rate of 5% per annum, pursuant to WIS.STATS. § 138.04 (1989).

3. In diversity cases, federal courts look to state law to determine the availability of and rules for computing prejudgment interest. *In re Oil Spill by Amoco Cadiz, etc.*, 954 F.2d 1279, 1333 (7th Cir.1992); *Ft. Howard Paper Co. v. Standard Havens, Inc.*, 901 F.2d 1373, 1383 (7th Cir.1990).

*chanical Contractors v. Livesey Co.*, 161 Wis.2d 727, 468 N.W.2d 758, 759 (Ct.App. 1991); *Loehrke v. Wanta Builders, Inc.*, 151 Wis.2d 695, 445 N.W.2d 717, 722 (Wis. Ct.App.1989); *Johnson v. Pearson Agri-Systems, Inc.*, 119 Wis.2d 766, 350 N.W.2d 127, 130 (1984). "The most frequently stated rationale for this rule is that if the amount of damages is either liquidated or determinable by reference to some objective standard, the defendant can avoid the accrual of interest by simply tendering to the plaintiff a sum equal to the amount of damages." *Id.*

Barrett acknowledges that its entire claim for damages was not quantified prior to trial, but argues that it gave precise amounts for its damage claims for work performed under the contract and extras soon after breach. Although Barrett's counterclaim, dated July 25, 1980, stated only that it "sustained compensatory damages in excess of one million dollars," Barrett quantified its damages in answering interrogatories on November 14, 1980, in amending its counterclaim on November 10, 1981, and in a statement of damages in its final pretrial report filed on December 20, 1983. Whether other damages, such as loss of bonding capacity and other work and loss of credit, were left undetermined until trial is irrelevant. We remanded this case to the district court for a calculation of prejudgment interest upon "the contract damages." Barrett's damages under the contract were determinable within six months of the breach.

Allen & O'Hara also argues that no payment was due until Barrett made a demand for payment. A demand for payment is excused by breach of a contract if the breach caused the failure of the condition precedent. *See* Restatement of Contracts 2d, §§ 254, 255 (1981). Allen & O'Hara contends that its termination of the contract did not cause Barrett's failure to present an unqualified itemization of damages until trial. First, we have found that Barrett quantified its claim for damages soon after breach, and, second, we agree with Barrett that a demand for payment

was excused because it would have been a futile act—Allen & O'Hara had terminated the contract and had brought suit against Barrett for breach of contract. *See* Restatement of Contracts 2d, § 253, comment a (1981). Thus, we hold that Barrett is entitled to prejudgment interest from the time of breach.

 Finally, Barrett contends that the interest should be compounded annually.[4] Relying on our statements upon remand that "[w]here the contract is clear, there is no need to examine the underlying state law," and that "the contract in this case indicates that interest shall be due on all unpaid amounts under the contract," 898 F.2d at 517, Barrett maintains that the interest is itself part of the "unpaid amounts under the contract." Barrett argues that compounding the interest annually recognizes its entitlement to the use of the money that is awarded from the time of the injury and the use of the investment interest on that money when interest accrues. *See R.S. Deering,* 468 N.W.2d at 760 (interest measures the time value of money). While that assertion may be true, we do not agree that interest is an element of the contract damages. Moreover, under Wisconsin law, simple interest is used in contract cases unless the contract specifies otherwise. *See W.G. Slugg Seed & Fertilizer, Inc. v. Paulsen Lumber, Inc.*, 62 Wis.2d 220, 214 N.W.2d 413, 418 (1974); *see also* Restatement of Contracts 2d, § 354, comment a (1981); *Stovall v. Illinois Central Gulf Railroad Co.*, 722 F.2d 190, 192 (5th Cir.1984); *Cherokee Nation v. United States,* 270 U.S. 476, 490, 46 S.Ct. 428, 433–34, 70 L.Ed. 694 (1926). Therefore, the prejudgment interest should not be compounded annually.

The judgment of the district court is REVERSED and we remand to the district court for a calculation of prejudgment interest from the date of the breach.

---

**4.** This issue was not considered by the district court because interest was awarded for less than one year.