**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**August 4, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-61079
Summary Calendar

CENTRAL STATES HEALTH & LIFE
COMPANY OF OMAHA, NEBRASKA,

Plaintiff-Appellee,

versus

HERBERT LEON BREWER, III,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Norther District of Mississippi
Eastern Division
USDC No. L-02-CV-564
--------------------

Before JONES, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Herbert Leon Brewer, III, appeals the district court's post-judgment determination that Central States Health & Life Company of Omaha, Nebraska was only required to pay simple interest on

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

disability benefits due to Brewer.[1]  The benefits are owed

pursuant to an insurance policy providing that:

> Any claims payable under the terms of the policy will
> be paid within 45 days after receipt by us of due
> written proof of loss.
>
> If we do not comply with the requirements of this
> provision we will pay **interest on accrued benefits** at a
> rate of 1-1/2% per month **on the amount of the claim**
> until it is finally settled or resolved.

(Emphasis added.)  We agree with the district court that this

provision calls for the payment of simple interest.

The policy contemplates interest only on accrued benefits or

the amount of the claim.  It says nothing of any interest owing

on that interest or of any interest owing on the balance due.

*Cf., Exxon Corp. v. Crosby-Mississippi Resources, Ltd.*, 40 F.3d

1474, 1488 (5th Cir. 1995) (holding that a contract provision

that "**the unpaid balance** shall bear interest monthly at the rate

of twelve percent (12%) per annum" (emphasis added) required

compound interest).  We note that this is in accord with the

general common law preference for simple interest absent express

authorization otherwise.  *See Stovall v. Illinois Central Gulf*

---

[1]  Because this is a diversity case, we apply Mississippi substantive law.  *Erie R.R. v. Tompkins*, 304 U.S. 64, 78 (1938). No Mississippi court has ruled on the precise issue here, so we make an Erie guess as to what the Mississippi Supreme Court would likely do.  *Herrmann Holdings Ltd. v. Lucent Tech.s, Inc.*, 302 F.3d 552, 558 (5th Cir. 2002).

*Railroad Co.*, 772 F.2d 190, 192 (5th Cir. 1984).  We have no reason to believe the Mississippi Supreme Court would not follow the general common law rule.

AFFIRMED.