O’SCANNLAIN, Circuit Judge,
dissenting in part:
I agree with the majority that the Director’s litigating position before this court is not entitled to Chevron deference and that the proper rate of interest on past-due compensation awards under the Long-shore and Harbor Workers’ Compensation Act (LHWCA) is the rate set forth in 28 U.S.C. § 1961(a). That said, I cannot join the majority’s discussion of these issues because, in my view, it treats several matters that are unnecessary to the outcome of this case and thus should be left for another day. See, e.g., Op. at 831-32 n. 7 (discussing whether litigating positions taken in agency adjudications are entitled to Chevron deference); Op. at 832-33 (discussing whether the position of the Benefits Review Board is entitled to deference).
More specifically, I disagree with the majority’s conclusion that the Director of the Office of Workers’ Compensation Pro *844 grams is not entitled to deference with respect to the method of computing interest and, therefore, I respectfully dissent from the majority’s conclusion to the contrary.
I
In applying the LHWCA, the Director has long taken the position that interest on past-due compensation awards should be computed on a simple basis. That position accords with the general rule of awarding only simple interest when a statute does not expressly require otherwise; it aligns with the consistent position taken by the Benefits Review Board since 1989, see Santos v. General Dynamics Corp., 22 BRBS 226 (1989); and it is consistent with the LHWCA, which is silent on the rate and computation of interest. Nor is the Director’s position a novel litigating position; it has been embodied in the Long-shore Procedure Manual, used by district directors nationwide, since at least 1989. See Div. of Longshore and Harbor Workers’ Compensation, Dep’t of Labor, Long-shore Procedure Manual, ch. 8-201, available at http://www.dol.gov/owcp/dlhwc/ lspm/pmtoc.htm.
Given these features, in my view the Director’s position, though informal, is persuasive enough to merit our respect. See Skidmore v. Swift & Co., 323 U.S. 134, 140, 65 S.Ct. 161, 89 L.Ed. 124 (1944) (noting consistency, thorough consideration, and valid reasoning as factors contributing to persuasiveness). We should defer to the agency’s consistent, long-standing implementation of simple interest. See Fed. Express Corp. v. Holowecki, 552 U.S. 389, 399-401, 128 S.Ct. 1147, 170 L.Ed.2d 10 (2008) (deferring under Skidmore to an informal agency interpretation because it was consistent with the agency’s responsibilities and had bound staff members for over five years); Tablada v. Thomas, 533 F.3d 800, 806-08 (9th Cir.2008) (“[T]he consistent and even application of the [agency’s] methodology promulgated in [its] Program Statement ... since 1992 convinces us that we must accord deference to the [agency’s] interpretation.”).
A
To reach the contrary conclusion, the majority emphasizes the LHWCA’s remedial purpose and a growing trend toward the use of compound interest. With respect, the majority’s analysis is unpersuasive.
The majority first contends that simple interest does not fulfill the LHWCA’s purpose of fully compensating claimants. But fully compensating employees is not the Act’s only purpose. See Roberts v. Sear-Land Servs., Inc., — U.S. -, 132 S.Ct. 1350, 1354, 182 L.Ed.2d 341 (2012). Rather, “the LHWCA represents a compromise between the competing interests of disabled laborers and their employers, [so] it is not correct to interpret the Act as guaranteeing a completely adequate remedy for all covered disabilities.” Dir., OWCP v. Newport News Shipbldg. and Dry Dock Co., 514 U.S. 122, 131, 115 S.Ct. 1278, 131 L.Ed.2d 160 (1995) (internal quotation marks omitted). The Act is not meant always to provide a “complete remedy,” but aims instead to ensure that workers receive some compensation for injuries, even if it is not “complete compensation for the wage earner’s economic loss.” Potomac Electric Power Co. v. Dir., OWCP, 449 U.S. 268, 281, 101 S.Ct. 509, 66 L.Ed.2d 446 (1980).
We must therefore consider the Director’s position in light of the bargain the Act represents, rather than treating the Act’s remedial purpose as an unbeatable trump. In this vein, the Supreme Court has cautioned against “add[ing] features that will achieve statutory ‘purposes’ more *845 effectively.” Newport News, 514 U.S. at 136, 115 S.Ct. 1278. Whatever our views on the effectiveness of simple interest in compensating claimants, we should not add a compounding requirement to the statutory scheme just because we think it would better serve the Act’s remedial purpose. See id. at 135-36, 115 S.Ct. 1278; Potomac Electric, 449 U.S. at 280-81, 101 S.Ct. 509.
B
The majority contends next that compound interest is warranted based on “changing economic realities” and a “growing recognition” that compound interest might more fully compensate plaintiffs. Op. at 841. This too is not reason enough to reject the Director’s position. The Supreme Court has cautioned that a growing trend — even one that is “sound as a matter of policy” and is now a dominant view — is an insufficient basis for abandoning a settled rule. Potomac Electric, 449 U.S. at 279-80 & n. 20, 101 S.Ct. 509.
Whatever the “growing consensus,” op. at 842, the Director, as administrator of the Act, is best positioned to evaluate changing circumstances and to determine whether simple interest continues to provide adequate compensation to claimants.[1] Where the Act is silent and the agency has made a reasonable choice, we should not inject our policy views into the Act’s provisions.
C
The majority also faults the Director for adopting the rate set forth in section 1961(a) while not adopting section 1961(b)’s compound interest component. Again, the Director’s decision is reasonable. The Director has concluded that section 1961 provides useful guidance; that conclusion should not force the Director to swallow section 1961 whole. And by declining to adopt the section 1961(b) formulation, the Director has honored the general rule that simple interest applies unless a statute expressly authorizes compound interest. See, e.g., Cherokee Nation v. United States, 270 U.S. 476, 490-91, 46 S.Ct. 428, 70 L.Ed. 694 (1926); Stovall v. Ill. Cent. Gulf. R.R. Co., 722 F.2d 190, 192 (5th Cir.1984). Because the LHWCA does not expressly authorize interest awards, it is reasonable for the Director to look elsewhere for guidance, to make a considered choice based on that guidance, and to settle on the prevailing longstanding general rule. By contrast, we have no authority to force the Director to apply a different choice that conflicts with the agency’s long-standing default rule — especially given that the governing statute provides no support for such a judicial mandate.[2] Cf. *846 Newport News, 514 U.S. at 135-36, 115 S.Ct. 1278.
D
The majority’s failure to defer under Skidmore to the Director’s long-standing position is made all the more perplexing by its determination that the Director’s selection of the proper interest rate is entitled to Skidmore deference. The majority acknowledges that, because the LHWCA is silent on interest, the selection of interest rate is “in large part a policy determination best left to the agency.” Op. at 839. The majority concludes that the Director’s selection of the section 1961 rate is “consistent with the statutory framework” and that there are “[n]o clearer alternatives ... within our authority or expertise to adopt.” Op. at 839. But the rate of interest and the method of computing it have each been consistently applied by the Director and the Board for over 20 years and have been contained within the Director’s manual for nearly as long. It is hardly reasonable to accept the one and to reject the other when the same reasoning supports both.
II
Proper application of Skidmore requires us to defer to the Director’s long-standing, consistent practice of awarding simple interest, recognizing that the Director is in the best position to determine whether, as a policy matter, the method of computing interest should be changed better to align with modern circumstances.
For the foregoing reasons, I respectfully dissent.

. The majority also suggests that we can tell that simple interest is unreasonable because the Board has indicated that compound interest might be warranted in exceptional circumstances. Op. at 842-43. But compounding interest in exceptional circumstances, such as when a party engages in willful misbehavior, accords with the genéral rule giving trial judges discretion to select an interest award within a range of reasonable options. See W. Pac. Fisheries, Inc. v. SS President Grant, 730 F.2d 1280, 1288-89 (9th Cir.1984); Gorenstein Enters., Inc. v. Quality Care-USA, Inc., 874 F.2d 431, 436 (7th Cir.1989) (concluding that compound interest was appropriate where the violation of federal law was "intentional, and indeed outrageous” and where the *846 appellant had engaged in dilatory tactics); cf. also NLRB v. Seven-Up Bottling Co. of Miami, 344 U.S. 344, 348-49, 73 S.Ct. 287, 97 L.Ed. 377 (1953) (eschewing the "debate about what is 'remedial' and what is 'punitive' ” and instead noting that a proper remedy should be formulated with the unique circumstances of the case in mind). Though we deal with prejudgment interest rather than post-judgment interest, the distinction, as the majority notes, "carries no significance here.” Op. at 840.